# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 8:08CR183 |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM |
| vs. ) | AND ORDER |
| ) | |
| CHRISTINE McGLOTHLEN, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the government's appeal (Filing No. 41) from the Magistrate Judge's order (Filing No. 38) granting in part the Defendant's motion for discovery (Filing No. 17) and amended motion for discovery (Filing No. 35) and granting the government's motion for reciprocal discovery (Filing No. 27). The Defendant has responded to the appeal (Filing No. 42).

## FACTUAL BACKGROUND

The Defendant, Christine McGlothlen, was a passenger in a vehicle stopped on I-80. The driver and McGlothlen declined to allow Trooper Estwick to search the vehicle, and the Trooper directed Sergeant Connelly to perform a canine sniff around the vehicle. The dog reportedly alerted, and Trooper Estwick then searched the vehicle. Therefore, the government's position is that the dog's alert provided probable cause for the warrantless search of the vehicle. The Defendant argues that although the encounter was videotaped, Sergeant Connelly's handling as well as the dog's behavior are not "clearly depicted" on the video. The Defendant argues that her retained expert would testify that the limited documentation provided raises serious concerns about the dog's reliability and more information is necessary to make a determination as to the dog's reliability.

The Defendant filed a motion for discovery (Filing No. 17), requesting ten separate categories of materials relating to the dog, "Rocky," including records relating to Rocky's training and certification, activity logs and use records, proficiency records, and Sergeant Connelly's handler proficiency records. The parties filed several documents regarding the requests (Filing Nos. 18, 24, 25), and the government filed a motion for reciprocal discovery (Filing No. 27). An evidentiary hearing was held by Judge Gossett. (Filing No. 34.) Judge Gossett required the Defendant to file an amended motion for discovery with specific citations to the transcript indicating the availability of the requested items to the government. (Filing No. 34, at 34-35.) The Defendant filed an amended motion with authority as requested. (Filing No. 38.) The government filed a response. (Filing No. 36.) The Defendant filed a responsive memorandum. (Filing No. 37.)

Judge Gossett granted the Defendant's motion for discovery and amended motion for discovery in part, requiring the government to produce six categories of materials on or before October 24, 2008. Those categories include "[a]ll supervisor observation forms ("SOF's") related to Sergeant Connelly in his capacity as a dog handler from March 2006, through March 2007." Judge Gossett granted the government's request for reciprocal discovery to the extent stated in paragraph (2) of his order, assuming that the government fully complies with its responsibilities set out in paragraph (1) of the order. Judge Gossett stated that the filing of an appeal of his order would not automatically stay his order requiring production. (Filing No. 38.)

The government appeals from Judge Gossett's order only with respect to the supervisor observation forms ("SOFs") relating to Sergeant Connelly from March 2006 through March 2007. The government states that the SOFs are in Sergeant Connelly's

personnel file, and the Defendant has not met its burden under Rule 16 of showing that the SOFs are material to the defense. The government represented that it recognizes its duty under *Brady v. Maryland,* 373 U.S. 83 (1963), and if any information in Sergeant Connelly's file is impeachment evidence it will be given to the defense before trial, citing *United States v. Newby,* 251 F.R.D. 188 (E.D.N.C. 2008), as authority. The government argues that it need not produce the SOFs, and if the Court orders the records produced that in camera review is appropriate.

The Defendant responded to the appeal, arguing that the records are material to the defense and that the government has cited no authority for the proposition that the records cannot be produced due to confidentiality.

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(A) and NECrimR 57.2, the court has reviewed the order from which this appeal has been taken. In an appeal from a magistrate judge's order on a pretrial matter within 28 U.S.C. § 636(b)(1)(A), a district court may set aside any part of the magistrate judge's order shown to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); NECrimR 57.2(c).

Sergeant Connelly testified at the evidentiary hearing that the SOFs are completed if there is an issue or problem with a dog handler's performance. (Filing No. 34, at 24, 26.) Sergeant Connelly testified that he has been the subject of an SOF, but he could not recall specifics. (*Id.*, at 26.) He "believes" that any SOFs are in his personnel file. (*Id.*, at 25.)

The issue to which the requested discovery material relates is probable cause, which in turn relates to suppression, a pretrial matter. Clearly, Sergeant Connelly's testimony shows the materiality of the requested information to the defense. The government's

3

promise to turn over any *Brady*[1] material in Sergeant Connelly's personnel file before trial is unavailing, as the material could then be turned over long after the expiration of the deadline for filing a motion to suppress. There is no firm evidence that any SOFs are in Sergeant Connelly's personnel file, and if the documents exist in his personnel file the government has cited no authority indicating that the records cannot be produced under a protective order, if necessary.

## CONCLUSION

In summary, the Court concludes that Judge Gossett's order is not clearly erroneous or contrary to law. The government's appeal is denied, and Judge Gossett's order is affirmed in its entirety.

IT IS ORDERED:

1. The government's appeal from the Magistrate Judge's Order (Filing No. 41) is denied; and

2. The Magistrate Judge's order(Filing No. 38) is affirmed in its entirety.

DATED this 2nd day of December, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[1] The Court assumes for the sake of argument that the material at issue is indeed *Brady* material.